PER CURIAM.
Plaintiff Sylvia Anderson appeals from a June 5, 2008 order of the Tax Court that granted summary judgment to defendant, the Director of the New Jersey Division of Taxation (Director). The sole issue before the Tax Court was the question of whether Anderson was entitled to Property Tax Reimbursement pursuant to N.J.S.A 54:4-8.67 for the 2005 and 2006 tax years. The Director had concluded she was not, because she did not reside in and pay taxes on her property for the statutorily-required three years preceding the application.
Anderson did not dispute the Director’s conclusion that she did not reside at the property for three years; however, she asserted that because she was forced to move from her prior residence as a result of the imminent condemnation of her property by the Casino Reinvestment Development Authority, she should have been permitted to combine her years of residence at her prior home with the time she had spent at her new residence. She also asserted that the three-year durational residency requirement was but one of several different methods by which a taxpayer could establish that he or she had “made a long-term contribution to the fabric, social structure and finances of one or more communities in this State, as demonstrated through the payment of property *278 taxes,” thereby satisfying the requirements of N.J.S.A. 54:4-8.67, and entitling her to the property tax reimbursement.
In a written opinion, Judge Small rejected both arguments. Anderson v. Dir., Div. of Taxation, 24 N.J.Tax 141 (2008). The judge began by determining that the plain language of the applicable statute, N.J.S.A. 54:4-8.67, unquestionably requires the taxpayer to satisfy the three-year durational residency requirement. Id. at 146. In so concluding, the judge rejected Anderson’s argument that “because the [statutory] language contains the terms ‘as demonstrated through’ rather than ‘is or has demonstrated through,’ the three-year residency requirement is not an exclusive condition but merely ‘one way for an eligible claimant to establish their long-term contribution to the State.’ ” Ibid. The judge observed that reading the entire statute as a whole and giving effect to every word, as applicable canons of statutory construction require, “would render the words ‘at least’ before the phrase ‘three of which as owner of the homestead’ without effect and wholly meaningless.” Id. at 147.
Next, Judge Small rejected Anderson’s tacking argument, concluding that a taxpayer in Anderson’s position should not be permitted to aggregate the years spent at her old home with those spent in her new home to fulfill the statute’s three-year residency requirement. Id. at 153. The judge agreed that the principle of tacking has been applied in the adverse possession context, so that one who claims adverse possession may gain the benefit of adverse uses by predecessors as long as the adverse use is continuous, the claimant satisfies all other requirements, and privity exists between the claimant and previous titleholders. Id. at 152-53. He determined, however, that the principle of tacking was not applicable here due to Anderson’s lack of privity with the prior owners of her new property. Id. at 153. The judge also reasoned that exemptions from taxation are typically narrowly construed and therefore the equitable principle of tacking should not be applied to settings other than adverse possession in the absence of express legislative direction. Id. at 152-53.
*279 As further support for his conclusion that Anderson was not entitled to Property Tax Reimbursement for the years in question, the judge pointed to the Legislature’s “repeated failure to amend the statute by failing to adopt at least five separate bills over the past ten years that proposed removing or modifying the three-year residency language.... ” Id. at 149. Such inaction, he held, is “indicative of [the Legislature’s] acceptance of the three-year residency requirement.” Ibid,.[1]
In the concluding section of his opinion, Judge Small recognized that the result here was “inequitable,” id. at 156, principally because Anderson had been forced from her home by the threat of condemnation. Nonetheless, he observed that the “power to change the result rests with the Legislature,” ibid., and not with the judiciary.
On appeal, Anderson advances the same claims she presented in the Tax Court. Having considered her arguments in light of the record and applicable law, we conclude that her contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(l)(E). We affirm substantially for the reasons expressed by Judge Small in his comprehensive and well-reasoned written opinion of June 5, 2008. We add only the following comments.
While we agree with all of Judge Small’s other conclusions, we do entertain some degree of doubt that the Legislature’s failure to pass legislation changing the three-year residency requirement should serve as an expression of legislative intent. See Hubbard v. Reed, 168 N.J. 387, 392, 774 A.2d 495 (2001) (holding that the language of the statute is the most reliable method of ascertaining legislative intent). That portion of the judge’s opinion is not essential to the ultimate conclusions the judge reached. Therefore, we affirm for the reasons that were ably expressed by Judge Small in the balance of his well-reasoned opinion.
*280 We decline to consider the equitable estoppel argument plaintiff advances for the first time on appeal. Absent exceptions not relevant here, we will not consider a claim that was not presented to the trial court when opportunity for such presentation existed. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973).[2] We note, however, that Anderson’s equitable estoppel argument is unavailing for two reasons: she has failed to establish an agency relationship between the Atlantic City Tax Collector’s Office and the Director of the New Jersey Division of Taxation that would bind the latter to the terms of the June 4, 2004 letter; and, more importantly, the letter refers to tax deductions, not a claim for property tax reimbursement, which are two different subjects.
Affirmed.

 On October 1, 2009, the Legislature amended N.J.S.A. 54:4-8.67 prospectively, to allow a one-year eligibility requirement for a previously-qualified taxpayer who relocates.

 Anderson claims that a June 4, 2004 letter from the Atlantic City Tax Collector’s Office barred the Director of the Division of Taxation from denying her a property tax reimbursement. In that letter, the Tax Collector’s Office notified her that if she had been “receiving any tax deductions on [her] old property (senior citizens, veteran, widow or disabled vet., etc.), [she should] contact the Tax Assessors office ... to discuss having [her] deductions switched to [her] new property."